Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*
*and the Putative Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYMBERLY STARLING, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>   v.<br><br>MEDVI LLC and JOHN DOE,<br><br>        Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

1.      Plaintiff KYMBERLY STARLING ("Plaintiff" or Ms. Starling) brings this Class Action Complaint and Demand for Jury Trial against Defendant MEDVI LLC ("Medvi") and Defendant JOHN DOE ("John Doe," together, "Defendants") to stop their illegal practice of sending unsolicited text messages to people on the Federal Do Not Call registry ("DNC"), and to obtain redress for all persons injured by their conduct.

## NATURE OF THE ACTION

2.      Defendant Medvi sells semaglutides. As a primary part of its marketing efforts, Defendant hired John Doe to send texts to consumers.

3.      Defendants do not obtain consent prior to sending texts to people whose phone numbers were registered on the DNC.

4.      Therefore, Defendants texted people in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5.      In response to "a torrent of vociferous consumer complaints about intrusive robocalls," Congress passed the TCPA in 1991. *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335, 2344, 207 L. Ed. 2d 784 (2020).

6.      Among other things, the TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

COMPLAINT                                      2                      _____

7.    The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers who object to receiving telephone solicitations. *Id.* § 227(c)(3).

8.    Accordingly, the FCC established the national DNC Registry, and prohibited any person or entity from initiating any telephone solicitation to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2); *see also* 18 F.C.C.R. at 14039 (also applies to cellular telephones).

9.    Despite such strong legislation passed almost 30 years ago, the same problem persists.

10.    To illustrate the scale of the problem facing America, it is estimated that there were over 47 billion robocalls placed in 2018, and 29 billion placed in just the first half of 2019.

11.    By sending the text messages at issue, Defendants have violated the privacy and statutory rights of Plaintiff and the Class.

12.    Plaintiff therefore seeks an injunction requiring Defendants to stop sending illegal text messages, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

COMPLAINT                                3

## PARTIES

13.     Plaintiff Kymberly Starling is a natural person and is a citizen of Southlake, Texas.

14.     Defendant Medvi is a limited liability company organized and existing under the laws of the State of Delaware.

15.     Defendant Medvi texted Plaintiff from a location in Los Angeles, California and asked Plaintiff to call back a (323) area code.

16.     Defendant John Doe is an unknown business entity.

## JURISDICTION AND VENUE

17.     This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

18.     This Court has personal jurisdiction over Defendant because the illegal conduct herein took place in this District.

19.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the illegal conduct took place in this District.

## COMMON FACTUAL ALLEGATIONS

20.     Defendant Medvi sells semaglutides.

21.     Defendant John Doe is an unknown business entity.

COMPLAINT                                    4                          _____

22.     To increase their sales of semaglutides and avoid paying for legitimate forms of advertising, Medvi hired John Doe to send illegal text messages on its behalf.

23.     John Doe amassed a list of thousands of phone numbers from unknown sources.

24.     John Doe texted people whose phone numbers were registered on the Federal Do Not Call Registry.

## FACTS SPECIFIC TO PLAINTIFF

25.     On August 15, 2025, Plaintiff received a text message advertising semaglutides.

26.     Again, on August 21, 2025, Plaintiff received another text advertising semaglutides. When she responded to the text, she eventually received an email from Medvi.

27.     The email asked Plaintiff to contact it at a (323) area code in Los Angeles.

28.     Plaintiff never consented to receive texts from Defendants.  Plaintiff had no relationship with Defendants and had never requested that Defendants contact Plaintiff in any manner.

29.     In addition to statutory damages, these illegal texts caused annoyance, depleted cell phone battery, intrusion on privacy and seclusion, and wasted time to Plaintiff.

COMPLAINT                                              5

## CLASS ALLEGATIONS

30.    **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and a class and subclass defined as follows:

> i.  TCPA Class. All persons in the United States who: (1) from the last 4 years to present (2) Defendants texted (3) whose telephone numbers were registered on the National Do Not Call registry for more than 30 days at the time.

> ii. Texas TCPA Subclass. All persons in Texas who: (1) from the last 4 years to present (2) Defendants texted (3) whose telephone numbers were registered on the National Do Not Call registry for more than 30 days at the time.

> iii. Texas Registration Class. All persons in Texas who: (1) from the last 4 years to present (2) Defendants texted.

31.    The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

32.    **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information

COMPLAINT                                    6

and belief, Defendants sent text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

33. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited text messages.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

35. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and

COMPLAINT 7 _____

Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

36.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

     i.     Whether Defendants sent text messages to people whose phone numbers were registered on the Do Not Call registry;

     ii.     Whether Defendants sent text messages to people without a Texas Telemarketing Registration Certificate;

     iii.     Whether Defendants' conduct was *willing* and/or *knowing*;

     iv.     Whether Defendants possessed express written consent prior to contacting Plaintiff and the members of the Class;

     v.     Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendants' conduct.

37.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation

COMPLAINT                                    8                        _____

necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(On behalf of Plaintiff and the TCPA Class)**

38.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39.    The telephone numbers of Plaintiff and the DNC Class are registered on the Do Not Call Registry for more than 30 days.

40.    Defendants texted Plaintiff's and the Class members' DNC-registered telephones two or more times within a twelve-month period without having their prior written consent to do so.

41.    Defendants' communications were for the purpose of soliciting Defendants' products and services.

COMPLAINT                                           9                            _____

42. The foregoing acts and omissions constitute multiple violations of the TCPA, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

43. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

44. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

45. Plaintiff also seeks a permanent injunction prohibiting Defendant and their agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

## SECOND CAUSE OF ACTION
### Violations of Texas Bus. & Com. Code § 305.053
### (On behalf of Plaintiff and the Texas TCPA Subclass)

46. Plaintiff incorporates the foregoing allegations as if set forth herein.

47. The foregoing acts and omissions of Defendant constitute multiple violations of the Texas Bus. & Com. Code § 305.053, by sending non-emergency telemarketing text messages to Plaintiff's cellular telephone number without prior express written consent in violation of 47 U.S.C. § 227 et seq.

48. Plaintiff seeks for himself an award of at least $500.00 in damages for each such violation. Texas Bus. & Com. Code § 305.053(b).

49. Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation pursuant to Texas Bus. & Com. Code § 305.053(c).

COMPLAINT                                    10                    _____

**THIRD CAUSE OF ACTION**
**Violations of The Texas Bus. & Com. Code § 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
**(On behalf of Plaintiff and the Texas Registration Class)**

50.    Plaintiff incorporates by reference all the above paragraphs as though fully repeated herein.

51.    Defendants sent illegal telemarketing texts to Plaintiff and the putative class without having a valid telephone registration certificate as required under Tex. Bus. Com. Code § 302.101.

52.    A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

53.    As a result of Defendants' violations of the Texas Bus. & Com. Code § 302.101, Plaintiff seeks damages of up to $5,000 for each violation, as well as all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B.    An order declaring that Defendants' actions, as set out above, violate 47 U.S.C. § 227(c), §§ 302.101 and 305.053 of the Texas Bus. & Com. Code;

COMPLAINT                                11                        _____

C.     An order declaring that Defendants' actions, as set out above, violate the above provisions *willfully* and *knowingly*;

D.     An award of $1,500 per text message in statutory damages arising from the TCPA § 227(c) for each intentional violation;

E.     An award of $1,500 per text message in statutory damages arising from the Texas Bus. & Com. Code § 305.053 for each intentional violation;

F.     An award of $5,000 in statutory damages arising from the Texas Bus. & Com. Code § 302.101 for each intentional violation;

G.     An injunction requiring Defendants to cease all unlawful text messages without first obtaining the recipient's express written consent to receive such text messages, and otherwise protecting interests of the Class;

H.     An award of damages, including punitive damages, and costs; and

I.     Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 38-1, Plaintiff requests a trial by jury of all claims that can be so tried.


Dated: November 24, 2025        Respectfully submitted,


By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
3 East Third Ave. Ste. 200

COMPLAINT                                12

San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 300-0343

Attorney for Plaintiff
*and those similarly situated*

COMPLAINT                              13